IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HECTOR LOPEZ,                                                 No. C 11-2682 SBA (pr)

           Plaintiff,                              **ORDER OF DISMISSAL**

   v.

FRANCISCO JAQUEZ, et al.,

           Defendant.
_____/

**INTRODUCTION**

Plaintiff Hector Lopez, an inmate currently at Pelican Bay State Prison (PBSP), filed a pro se civil rights action under 42 U.S.C. § 1983 alleging constitutional rights violations while incarcerated at PBSP against the following Defendants: PBSP Former Warden Francisco Jacquez; PBSP Acting Warden Gregory D. Lewis; PBSP Appeals Coordinators S. C. Walch and J. F. Akin; PBSP Correctional Sergeant L. Hall, PBSP Captains C. M. Patten and R. Gairs; and PBSP Correctional Officer I. Parker. He seeks monetary damages and injunctive relief.

Plaintiff has been granted leave to proceed in forma pauperis. Venue is proper in this district because the events giving rise to the action occurred at PBSP, which is located in this district. See 28 U.S.C. § 1371(b).

**BACKGROUND**

Plaintiff alleges that he was denied access to the courts as a result of the loss of three letters: two letters written to his attorney and one to the Ninth Circuit Court of Appeals. Plaintiff alleges that Defendants lost or intentionally misplaced the three aforementioned letters. Plaintiff further alleges that he is being wrongfully denied access to the mail system to correspond with his father (who is also incarcerated). Plaintiff also alleges a denial of "equal protection of the law[]" and, finally, that his efforts to obtain relief through the prison's administrative appeal process was thwarted by improper handling and rejecting of his appeals.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A constitutional right of access to the courts exists, but to establish a claim for any violation of the right of access to the courts, the prisoner must show that there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 355. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable even to file a complaint. See id. at 351.

Liberally construed, the instant complaint fails to state a cognizable claim for a violation of the constitutional right of access to the courts based on Defendants' actions of losing and failing to deliver three letters Plaintiff sent in February, 2010 through the prison mail system. Plaintiff claims that the two letters to his attorney were "letters informing [his attorney] and seeking her advice [and that] the information was crucial to Plaintiff['s] appeal that was and is before the 9th Cir." (Compl. at 6.) The third letter to the Ninth Circuit included an exhibit, which was a copy of his 602 inmate appeal. Plaintiff indicates that his case is still pending before the Ninth Circuit, thus he fails to allege that any actual injury resulted from the loss of the three letters at issue. Therefore, Plaintiff has not

1 stated a cognizable claim for denial of access to the courts.

2 Furthermore, Plaintiff indicates that the three missing letters were originally given to
3 Defendant Parker; however, Plaintiff does not allege any specific wrongdoing by Defendant Parker.
4 Instead, Plaintiff merely claims that all the three letters were eventually lost after being handed over
5 to Defendant Parker. Prisoners enjoy a First Amendment right to send and receive mail. See
6 Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407
7 (1989)). Although intentional interference with the processing of inmate mail may state a claim
8 under § 1983, the alleged isolated instances of possible interference here are insufficient to state a
9 claim for which relief may be granted. See Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990)
10 (isolated incidents of mail interference without evidence of improper motive do not give rise to a
11 constitutional violation, however); Bach v. Illinois, 504 F.2d 1100, 1102 (7th Cir. 1974) (isolated
12 incident of mail mishandling insufficient to state claim under First Amendment).

13 Accordingly, Plaintiff's claims of a denial of access to the courts as well as a denial of his
14 right to send and receive mail -- relating to the three missing letters -- are DISMISSED for failure to
15 state a cognizable claim.

16 Additionally, Plaintiff alleges that Defendant Jacquez failed to respond to two of his 602
17 appeals. Plaintiff provides no allegations as to the wrongdoing of any of the other named
18 Defendants (who mostly seem to have been involved in the prison's grievance process) or how their
19 actions may have contributed to the violations alleged in his complaint. However, leave to amend to
20 make such allegations is not warranted because it is well-established that there is no constitutional
21 right to a prison administrative appeal or grievance system, see Ramirez v. Galaza, 334 F.3d 850,
22 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and that a state's creation of
23 a prison administrative appeal or grievance system does not implicate a liberty interest protected by
24 the Due Process Clause, see Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Buckley v.
25 Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (same). Plaintiff's allegations regarding Defendant
26 Jacquez's and any other PBSP officials' improper handling and rejecting of his 602 appeals fail to
27 state a claim under § 1983 and are also DISMISSED. See id.

28 Finally, Plaintiff's other wholly conclusory allegations of denial of "equal protection of the

law[]" and denial of access to the mail system to correspond with his father also fail to state a claim under § 1983 and are DISMISSED.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's complaint is DISMISSED under the authority of 28 U.S.C. § 1915A(b).

The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Plaintiff's case. The Clerk of the Court shall close the file and terminate any pending motions.

Further, the Court certifies that any appeal from this dismissal would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). See Coppedge v. United States, 369 U.S. 438, 445 (1962); Gardner v. Pogue, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

IT IS SO ORDERED.

DATED: 7/17/12

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

<div style="writing-mode: vertical-rl">**United States District Court**
For the Northern District of California</div>

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| | FOR THE |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |

HECTOR LOPEZ,

        Plaintiff,

  v.

I PARKER et al,

        Defendant.

Case Number: CV11-02682 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 18, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hector Lopez V-00109
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95531

Dated: July 18, 2012

                        Richard W. Wieking, Clerk
                        By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\CR.11\Lopez2682.dismissal.wpd　5