IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR LOPEZ, | No. C 11-2682 SBA (pr) |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | Docket no. 6 |
| FRANCISCO JAQUEZ, et al., | |
| Defendant. | |

### **INTRODUCTION**

On June 3, 2011, Plaintiff Hector Lopez, an inmate currently at Pelican Bay State Prison (PBSP), filed a pro se civil rights action under 42 U.S.C. § 1983 alleging constitutional rights violations while incarcerated at PBSP. On July 18, 2012, the Court screened the complaint pursuant to 28 U.S.C. § 1915A(a) and dismissed it because Plaintiff had failed to allege a cognizable claim.

On August 22, 2012, Plaintiff filed this motion for reconsideration. In his motion, Plaintiff argues that the Court should have allowed him to file an amended complaint instead of dismissing it without leave to amend and repeats most of the allegations he asserted in his original complaint.

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of of the Federal Rules of Civil Procedure. Am. Ironworks & Erectors v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Pyramid Lake Paiute Tribe of Indians v. Hodel,

1  882 F.2d 364, 369 n.5 (9th Cir. 1989).

2  Plaintiff's arguments do not meet the requirements for reconsideration.  The Court
3  dismissed his complaint without leave to amend because his allegations showed that
4  amendment would be futile.  The fact that Plaintiff merely repeats these allegations in his
5  motion for reconsideration evidences that, if he had been given leave to amend, he would not
6  have been able to add allegations that would have stated a cognizable constitutional claim
7  under 42 U.S.C. § 1983.

8  Accordingly, Plaintiff's motion for reconsideration is denied.

9  This terminates Docket no. 6.

11  IT IS SO ORDERED.

13  DATED:  11/20/12

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

HECTOR LOPEZ,

        Plaintiff,

v.

I PARKER et al,

        Defendant.

Case Number: CV11-02682 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 21, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hector Lopez V-00109
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95531

Dated: November 21, 2012

    Richard W. Wieking, Clerk
    By: Lisa Clark, Deputy Clerk

L:\PRO-SE\SBA\CR.11\Lopez2682.Recon Deny.wpd

3